IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| GIANNA HUNTER-MATHIS,           ) | |
|     Petitioner,           ) | |
| ) | |
| v.           ) | CIVIL ACTION NO. 1:08-0807 |
| ) | |
| ADRIAN HOKE, Warden,           ) | |
| Lakin Correctional Center,           ) | |
|     Respondent.           ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On June 4, 2008, Petitioner, an inmate at Lakin Correctional Center, and acting *pro se*, filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody.[1] (Document No. 2.) Petitioner alleges the following grounds for *habeas* relief:

1. Challenge to results of WV Crime Lab Analysis of Evidence;
2. Challenge to Preliminary Hearing proceeding and evidence;
3. Irregularities in arrest;
4. Involuntary confession;
5. Ineffective assistance of counsel;
6. Lack of evidence to support charge of 1st Degree Murder;
7. Instructions to the jury;
8. Denial of a fair and impartial trial;
9. Lack of eye witnesses or physical evidence;
10. Judicial failure to sequester jury;
11. Failure of Court to order a mental evaluation; and
12. Cumulative errors resulting in a denial of due process.

(Document No. 2, p. 4, Document Nos. 2-1 and 2-2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

**PROCEDURE AND FACTS**

By Indictment filed on October 8, 1999, Petitioner was charged with First Degree Murder in Mercer County, West Virginia. State v. Hunter Mathis, Case No. 99-F-261 (Cir. Ct. Mercer Co. April 20, 2000)(Court's Exhibit 1.) Following a jury trial, Petitioner was convicted of First Degree Murder on March 1, 2000. (Id.)[2] By Order entered on April 20, 2000, Petitioner was sentenced to life with the recommendation of mercy. (Id.) On April 24, 2000, Petitioner filed her Notice of Intent to Appeal. (Id.) On August 1, 2000, Petitioner appealed her conviction and sentence to the West Virginia Supreme Court of Appeals arguing that the Circuit Court erred in refusing to instruct the jury that "when a person reasonably apprehends that another intends to attack her for the purpose of killing her or doing her serious bodily harm, then such person has the right to arm herself for her own necessary self-defense." (Id.) On October 26, 2000, the West Virginia Supreme Court refused Petitioner's appeal.[3] State v. Hunter-Mathis, Case No. 001850 (W. Va. Oct. 26, 2000).[4]

On October 3, 2001, Petitioner, proceeding *pro se*, filed her Petition for Writ of *Habeas Corpus* in the Circuit Court of Mercer County. Hunter-Mathis v. Yurcina, Case No. 01-C-582 (Cir. Ct. Mercer Co. Aug. 13, 2003) (Court's Exhibit 2). Subsequently, the Circuit Court appointed counsel, Randal Roahrig, to represent Petitioner. (Id.) On January 3, 2002, the Circuit Court granted

---

[2] Attached is a facsimile copy of the docket sheets involving *State v. Hunter Mathis*, Case No. 99-F-261 (Cir. Ct. Mercer Co. April 20, 2000), and *Hunter-Mathis v. Yurcina*, Case No. 01-C-582 (Cir. Ct. Mercer Co. Aug. 13, 2003), which were obtained from the Mercer County Circuit Clerk's Office by the staff of the undersigned.

[3] On March 2, 2001, Petitioner filed a Motion for Reconsideration of Sentence, which was denied by the Circuit Court on June 1, 2001. Petitioner filed additional Motions for Reconsideration on August 6, 2007, and September 4, 2007. By Order filed on September 4, 2007, the Circuit Court denied Petitioner's Motions for Reconsideration. (Court's Exhibit 1.)

[4] *See* http://www.state.wv.us/wvsca/calendar/oct26r.htm

Plaintiff's Motion to Employ a Private Investigative Service. (Id.) By Order filed on March 8, 2002, the Circuit Court granted Petitioner's Motion for Additional Time to file an Amended Petition. (Id.) Petitioner indicates she raised the following grounds for *habeas* relief:

> (1) Challenge to Results of WV Crime Lab Analysis of Evidence; (2) Challenge to Preliminary Hearing Proceeding and Testimony; (3) Irregularities in Arrest; (4) Involuntary Confession; (5) Ineffective Assistance of Counsel; (6) Lack of Evidence to Support Charge of 1st Degree Murder; (7) Instructions to the Jury; (8) Denial of a Fair and Impartial Trial; (9) Lack of Eyewitnesses or Physical Evidence; (10) Judicial Failure to Sequester Jury; (11) Failure of Court to Order a Mental Evaluation; (12) Cumulative Errors Resulting in a Denial of Due Process.

(Document No. 1, p. 2.) On April 17, 2002, Mr. Roahrig filed a Motion to Withdraw as Counsel. (Court's Exhibit 2.) By Order entered on May 16, 2002, the Circuit Court granted Mr. Roahrig's motion to withdraw and appointed James Palmer as counsel. (Id.) The Circuit Court conducted an omnibus *habeas corpus* hearing on February 21, 2003. (Id.) By Order dated August 13, 2003, the Circuit Court made findings of fact and conclusions of law addressing grounds raised by Petitioner, and denied her *habeas* petition on the merits. (Id.) Petitioner did not file an appeal of the Circuit Court's denial to the West Virginia Supreme Court of Appeals. (Id.)

On January 16, 2008, Petitioner, proceeding *pro se*, filed a Petition for Writ of *Habeas Corpus* in the West Virginia Supreme Court arguing she was "entitled to a Zain III[5] habeas corpus

---

[5] The undersigned notes that Petitioner's case does not come within the requirements of Zain III. In the Zain III case, the West Virginia Supreme Court set forth a special *habeas corpus* procedure for State prisoners against whom a serologist, other than Fred Zain, had offered evidence. Specifically, the West Virginia Supreme Court stated as follows:

> A prisoner who was convicted between 1979 and 1999 and against whom a West Virginia State Police Crime Laboratory serologist, other than Fred Zain, offered evidence may bring a petition for a writ of habeas corpus based on the serology evidence despite the fact that the prisoner brought a prior habeas corpus challenge to the same serology evidence, and the challenge was finally adjudicated.

proceeding."[6] The West Virginia Supreme Court of Appeals refused her Petition on February 13, 2008.[7] <u>State ex rel. Hunter-Mathis v. Hoke, Warden</u>, Case No. 080160 (W.Va. Feb. 13, 2008).

## **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that Section 2254 *habeas* petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[8] If the

---

Syl. Pt. 6, *In re Renewed Investigation of State Police Crime Laboratory, Serology Division*, 219 W.Va. 408, 633 S.E.2d 762 (W.Va. 2006). The Court notes, however, that Petitioner was not convicted between 1979 to 1999. Petitioner was convicted on March 1, 2000.

[6] A prisoner may exhaust her State court remedies by filing a *habeas* petition under the original jurisdiction of the West Virginia Supreme Court. An original jurisdiction petition that is denied without an indication that the denial is with prejudice, however, will not exhaust the prisoner's state court remedies. *See Moore v. Kirby*, 879 F.Supp. 592, 593 (S.D.W.Va. 1995)(C.J. Haden).

[7] *See* http://www.state.wv.us/wvsca/calendar/feb14_08w.htm

[8] Title 28, United States Code, Section 2244(d)(1) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

Petitioner does not petition for a Writ of Certiorari in the United States Supreme Court upon the denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's direct appeal of her conviction was refused by the West Virginia Supreme Court of Appeals on October 26, 2000. Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court and therefore, her conviction became final under 28 U.S.C. § 2244(d)(1)(A) on January 24, 2001 (90 days after the West Virginia Supreme Court of Appeals refused her Petition for Appeal of her conviction and sentence). Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure,[9] the one-year statute of limitation began to run on January 25, 2001, and Petitioner had until January 24, 2002, to file a Section 2254 Application in the United States District Court, unless

---

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[9] Rule 6(a) of the Federal Rules of Civil Procedure provides in part, as follows:

**(a) Computing Time.** The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
   **(1) Period Stated in Days or a Longer Unit.**
   When the period is stated in days or a longer unit of time:
      **(A)** exclude the day of the event that triggers the period;
      **(B)** count every day, including intermediate Saturdays, Sundays, and legal holidays; and
      **(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

she first sought post-conviction relief from the State Courts.

Petitioner filed her first State *habeas* Petition on October 3, 2001, 251 days after the statute of limitation period began to run. Accordingly, the one-year statute of limitation was tolled by Petitioner's State *habeas* proceedings. On August 13, 2003, the Circuit Court of Mercer County denied her *habeas* petition. Petitioner had four months to file an appeal to the West Virginia Supreme Court. See Rule 3(a) of the West Virginia Rules of Appellate Procedure. Petitioner, however, did not file an appeal of the Circuit Court's denial of her *habeas* petition. The limitation period thus began to run again on December 13, 2003, and Petitioner had until April 5, 2004, to file a Section 2254 Application in the United States District Court, unless she again sought post-conviction relief from the State Courts.

Petitioner did not file her second State *habeas* Petition until January 16, 2008. Thus, the one-year limitation period expired on April 5, 2004, as Petitioner did not have a State *habeas* petition pending at any time between December 13, 2003, through April 5, 2004. Petitioner filed her instant Section 2254 Application on June 4, 2008, approximately 4 years and 2 months after the expiration of the limitations period. Therefore, the undersigned finds that Petitioner's Section 2254 *habeas* Petition was filed outside the limitation period under 28 U.S.C. § 2244(d).

Nevertheless, the one-year limitation period may be subject to equitable modification in appropriate cases. See Harris, 209 F.3d at 328-31. The doctrine of equitable tolling has generally been applied in two distinct situations. First, the doctrine has been applied in situations where the petitioner was prevented from asserting her claims due to the respondent's wrongful conduct. Id. at 330. Second, the doctrine has been applied in situations where the petitioner was prevented from asserting her claims due to circumstances beyond her control. Id.

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris, 209 F.3d at 330. The undersigned finds that Petitioner has not presented "extraordinary circumstances" beyond her control to justify invoking the doctrine of equitable tolling. A misunderstanding of the statutory limitation period, no matter how innocent it may be, does not constitute "extraordinary circumstances" beyond Petitioner's control to justify equitable tolling of the limitation period.

> [T]he mistake in this case is not extenuated by any lack of clarity in the statute. The language of §§ 2244(d) provides unambiguously that the one-year period within which a federal habeas petition must be filed commences on the "conclusion of direct review." This language does not contribute to a misunderstanding that would have the time commence on the "conclusion of State post-conviction proceedings."

Harris, 209 F.3d at 331. Furthermore, the particular "facts and circumstances" of Petitioner's case do not warrant equitable tolling. Petitioner's instant Petition was filed approximately 4 years and 2 months after the Section 2244(d) one-year period expired.[10] Petitioner is, therefore, hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that her Section 2254 action be dismissed as untimely unless Petitioner

---

[10] In her Petition, Petitioner cites Zain III as a ground for *habeas* relief. As explained above, the undersigned finds that Petitioner's case does not come within the requirements of Zain III. Furthermore, Petitioner filed her first State *habeas* petition citing Zain III on January 16, 2008, approximately one year and seven months after the West Virginia Supreme Court decided Zain III. Section 2244(d)(1)(D) provides that the one-year statute of limitations shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

can demonstrate that the Petition was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Application to Proceed without Prepayment of Fees or Costs (Document No. 1.), **DISMISS** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 2.) and remove this matter from the Court's docket unless Petitioner can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Petition was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright

v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and to counsel of record.

Date: June 8, 2011.

R. Clarke VanDervort
United States Magistrate Judge